No. 13,022.

## JACKSON HEFFNER ET ALS. VS. WISE & HERNDON.

### SYLLABUS.

Instead of settling for the succession property as he should have, the administrator disposed of the funds.

The court directed the administrator to be imprisoned. No funds were furnished by him after his imprisonment.

Plaintiff brought suit for damages caused, it was alleged, by improper advice imparted by defendants to their client, the administrator, who had failed to account.

HELD: While it is true that one may claim damages from an attorney who advises his client to commit a wrong against his, the former's interest, it must be proven that a reckless and malicious advice was given, which was followed by, and resulted in, a loss to the complainant.

Here, the charge of having given the advice was denied, and the denial sustained by preponderance of evidence, and, therefore, the demand is rejected.

ON APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*Harrison & Aston,* and *D. T. Land,* for Plaintiff and Appellant.

*T. Alexander* for Defendants and Appellees.

Submitted on briefs January 27, 1899.
Opinion handed down March 20, 1899.
Rehearing refused June 27, 1899.

The opinion of the court was delivered by

BREAUX, J. This suit was brought to recover damages from the defendants, growing out, it is alleged, of improper advice given by them, as attorneys, to their clients.

This court annulled the will of the late William Heffner. Plaintiffs were to be the legatees under the terms of the annulled will.

Defendants were the attorneys of the executor, by whom an accounting was due to plaintiffs for the succession property. The executor failed to account to the heirs.

The plaintiffs sue to render the defendants liable for all the funds wrongfully disposed of by the administrator, alleging the defendants, as attorneys of the executor, gave the advice on which he disposed of the property under the will annulled, i. e., paid out and distributed the funds to the legatees. They allege that the acting executor under the will had been notified that they intended to contest the validity of the will, and would demand the property of the estate, and that, despite the notice, under the advice of defendants, the executor disposed of nearly all of the property of the succession of William Heffner, and that, thereafter, again under the advice of the defendants, James Heffner executed and sold his real estate and caused his wife, Mrs. Eliza J. Heffner, to institute suit and obtain judgment against him for separation of property, thus protecting himself from the pursuits of his creditors, and placing his property beyond the reach of his creditors, and that, in consequence, petitioners have lost the sum of nine thousand eight hundred and ninety-seven 29-100 dollars, amount due them by the executor, and for which they seek to hold the defendants responsible.

Defendants filed the plea of general denial, and specially averred that they were employed by James Heffner, executor of the last will and testament of William Heffner, to represent him, and the succession, in the suit brought by plaintiffs to annul the last will of the deceased; that, in the various phases of the case, they represented their client to the best of their ability, and they specially deny that they ever advised the defendant, James Heffner, executor, to pay out and distribute the funds of the succession to the legatees named in

the will; such advice having been given by the attorney who probated the will anterior to the employment of counsel.

The testimony shows that the executor did sell all his property as alleged. This court directed the executor to be imprisoned under the order of the lower court, and to pay over the funds, but the imprisonment proved ineffective, and did not result in any relief to plaintiffs.

An affidavit, taken by James Heffner, executor, was filed in evidence in answer to rule to show cause why he should not be punished for contempt, for not paying the funds in his hands to plaintiff.

In this affidavit he swore that he had paid the funds to the legatees under the will, and that in thus paying he had advice of counsel. The name of counsel is not stated in the affidavit, and does not appear of record.

Defendants, on the other hand, each of them, testified that they had not advised the executor.

With reference to the answer to the rule and affidavit before referred to, Mr. Wise, in answer to the questions propounded to him, as a witness, said, substantially, that the words "advice of counsel" quoted from the affidavit before referred to, did not have reference to himself or his firm; that no such advice had been given by it, but that the advice had been given, he was informed, by his client, James Heffner, at the time he wrote the affidavit for him, by the attorney who preceded them in the matter of the settlement of the succession; that his client, Heffner, stated to him, that, immediately after the will had been probated, the attorney, who was not connected with the defendant firm, and who alone at the time represented the executor and the succession, advised him at once to execute the will and pay the legacies; that his client had every confidence in the attorney, and in the validity of the will.

Counsel testifies, in positive terms, that he only knew that the legacies had been paid some time after payment had been made.

The District Court rejected plaintiffs' demand and dismissed their suit.

They appeal.

The claim for damages alleged to have arisen from the advice of defendants was directly presented, and we have reasons to infer that it was energetically pressed.

The evidence does not prove the allegations made in behalf of plaintiffs' cause.

Heffner et als. vs. Wise & Herndon.

The will was probated a considerable time before the defendants were employed, and the record disclosed that advice had been given by another counsel regularly retained, who had the will probated, to execute the will and pay the legacies. It was under, that advice, as we take it, that the payments were made, and not under advice of defendants, who did not know, until after they had been employed to defend the will attacked, that payments had been made as alleged by plaintiffs.

However liable attorneys at law may be, in damages, for advising their clients to commit a wrongful act against another person, that liability does not arise before it is proven that the advice is given. In a matter so delicate, we are not inclined to the inference that such advice was given. The proof to sustain the charge should be direct and convincing.

In the face of the sworn and uncontradicted statement of attorneys of unquestioned honor and integrity, emphatically denying that they ever gave such advice, we do not think we should assume, because of legal steps taken by the wife of the executor to protect her rights, and the advice given by them in this regard when called upon, that they must, in some way, have taken part in advising the executor in disposing of his property as he did. Nor can it be concluded, because of the sales made by the executor, that his counsel must have suggested what conveyances were advisable as a protection against plaintiffs' claim.

Many persons in embarrassed circumstances resort to such acts, and without seeking advice from attorneys. If advice is sought in such cases, and information be given in reference to some individual right, it does not follow that he knowingly made himself the attorney of the wrongful act of his client; clients generally know their responsibility as debtors.

From the fact that he gets information in regard to a sale, or in regard to the rights of his wife as a creditor, it does not follow that the attorney is a party to the wrong his client commits in selling all his property with improper haste to defeat creditors.

The learned judge of the District Court, who, in all probability, knows the parties concerned, in whose court all the proceedings were conducted, rejected the demand. We do not think there is cause to disturb the judgment.

Judgment affirmed.